# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CITY OF WILKES-BARRE,** | : | No. 3:07cv1238 |
| Appellant | : | |
| | : | (Judge Munley) |
| v. | : | (Bankruptcy Appeal) |
| **ROBERT P. SHEILS, JR., Trustee,** | : | |
| Appellee | : | |

## MEMORANDUM

Before the court is the instant bankruptcy appeal. Having been fully briefed and argued, the matter is ripe for disposition.

**Background**

In 1996, George Cole, a City of Wilkes-Barre ("the City") police officer, was injured in a car accident in the course of his employment. The other driver was an employee of Luzerne County. The severity of Cole's injuries made him unable to return to work, and the City paid Cole's lost wages and medical bills pursuant to the Pennsylvania Heart and Lung Act, 53 Pa. C.S. §§ 637-38. The City contends that from April 12, 1996 until May 9, 2005, when Cole returned to work, it provided $425,945.69 in benefits to him. Cole initiated a personal injury suit against Luzerne County and the driver of the other vehicle involved in the accident in 1996. This suit settled eventually for $495,000. Cole also received $35,000 from his employer's underinsured motorist policy and $25,000 from his own underinsured motorist policy.

Cole also filed a voluntary petition for Chapter 7 protection under the United States Bankruptcy Code. Robert Sheils was appointed trustee, and Paul Perlstein special counsel to the trustee for the purpose of litigating the bankruptcy estate. On January 4, 2005, the trustee filed an amended petition to approve the settlement of debtor's (Cole's) personal injury action. The settlement was for $569,376.31. After disbursements for attorneys fees and expenses, the bankruptcy estate netted $372,176.96, which is currently held in a certificate of deposit. These are the only assets currently held by the trustee.

On October 1, 2004, the City filed a proof of claim with the Bankruptcy Court, arguing that it had a secured claim based on subrogation for the amount of the total pre-petition and post-petition Heart and Lung Act benefits paid to the debtor since his accident. This subrogation, the City argued, entitled it to claim a constructive trust on those funds. This status meant that the City had superior right to those funds than did the bankruptcy estate. After a number of initial proceedings, the City filed an adversary proceeding in the Bankruptcy Court. The City sought an order directing the Trustee to hold all of the settlement proceeds in a constructive trust for the benefit of the City. The City argued that a constructive trust had been imposed on the settlement by virtue of its right to subrogate its payments under the Heart and Lung Act from the debtor's settled lawsuit. The parties filed various motions in this proceeding, eventually culminating in motions for summary judgment. Bankruptcy Judge Thomas then granted summary judgment to the trustee, finding that no

constructive trust for the City existed from the funds from the settlement. The City appealed to this court, the parties filed briefs, and we held argument, bringing the case to its present posture.

**The Bankruptcy Judge's Opinion**

Judge Thomas of the Bankruptcy Court delivered his opinion on May 16, 2007. He found that the City was not entitled to subrogation for its payments under the Heart and Lung Act. Judge Thomas concluded that changes to Pennsylvania's worker's compensation law had renewed a right to subrogation for benefits paid under that law, and that the amendment had also established that "[t]he Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits." (Opinion of the Bankruptcy Court (Doc. 2-35) (hereinafter "Opinion") at 2-3). This provision, Judge Thomas found, provided the Debtor, a police officer, with immunity from subrogation claims. He also concluded that the trustee succeeds to the rights of the debtor.

Judge Thomas noted that the amended legislation referred to "worker's compensation" claims, and not claims under the Heart and Lung Act. (Id. at 3). He pointed to Pennsylvania case law, however, that seemed to demonstrate that "the Heart and Lung Act is so closely aligned with the state worker's benefit law that the two should be considered similarly." (Id.). As result, "the Trustee enjoys the benefit

3

of Cole's sovereign immunity defense, resulting in the granting of the Trustee's Motion for Summary Judgment and, thus, denying the City's claim for imposition of a constructive trust by reason of its subrogation claim." (Id.).

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**Legal Standard**

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. Bank. Rule 8013 ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

The City argues that the bankruptcy judge should have imposed a constructive trust on the proceeds of debtor's settlement to the amount of benefits paid him under

the Heart and Lung Act. Because the City had a clear legal right to subrogation of the proceeds of that settlement and the portion of the funds owed the debtor could be identified, the bankruptcy judge should have established a constructive trust over the funds allegedly owed the City. The City contends that Pennsylvania law establishes a clear right of subrogation for an employer who provides Heart and Lung Act benefits against a third-party tortfeasor. Since appellant has that right, the bankruptcy judge erred in not imposing a constructive trust over the funds from the debtor's settlement. Appellee responds that principles of statutory construction and Pennsylvania case law establishes that, like plaintiffs who receive workers compensation benefits, employees who receive benefits under the Heart and Lung Act are immune from subrogation under state law.

The central question here is whether a right of subrogation exists for a municipal employer under the Pennsylvania Heart and Lung Act, 53 PENN. STAT. §§ 637-38. Subrogation is an equitable doctrine, "based 'on considerations of equity and good conscience . . . to promote justice . . . and is granted as a means of placing the ultimate burden of the debt upon the person who should bear it.'" Potoczny v. Vallejo, 85 A.2d 675, 677 (Pa. Super. Ct. 1952). Thus, "[w]here property of one person is used in discharging an obligation owed by another . . . , under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee.'" Id. (quoting Restatement of Restitution § 76). The doctrine "is applicable whenever a

5

debt or obligation is paid from the funds of one person although primarily payable from the funds of another." Anderson v. Greenville, 273 A.2d 512, 514 (Pa. 1971). Still, "the right of subrogation exists only to the extent of actual payment of the subrogee." Associated Hospital Service v. Pustilinik, 439 A.2d 1149, 1152 (Pa. 1981).

In surveying Pennsylvania law, the Bankruptcy Court concluded that as an employee of the City, the debtor enjoyed immunity from subrogation claims of others. While we do not necessarily disagree with the Bankruptcy Court on this matter, we find that Pennsylvania court decisions provide another reason to affirm the court's decision, one that does not require us to predict how Pennsylvania courts would rule on such a matter. Pennsylvania's legislature has chosen to limit the common-law right of subrogation in motor vehicle accident cases. The state's Motor Vehicle Financial Responsibility Law (MVFRL) prohibits subrogation from an insured's recovery in tort from a motor vehicle accident. See 75 PA. CONS. STAT. § 1720 (establishing that "[i]n actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate time limits) or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719 (relating to coordination of benefits); Nott v. Aetna U.S. Healthcare, Inc.,

6

303 F. Supp. 2d 565, 567 (E.D. Pa. 2004) (finding that "the Pennsylvania Motor Vehicle Financial Responsibility Law prohibits subrogation from an insured's recovery from a tortfeasor in a motor vehicle accident case.").

Pennsylvania courts have read the limitations on subrogation in Section 1720 of the MVFRL to include benefits obtained through insurance-like programs such as the Heart and Lung Act. In Fulmer v. Pennsylvania State Police, 647 A.2d 616 (Pa. Commw. Ct. 1994), the plaintiff, a state trooper, had been injured in an automobile accident while a passenger in a state patrol vehicle. Id. at 618. He received benefits under the Heart and Lung Act while recovering from his injuries. Id. Plaintiff instituted a lawsuit against the driver of the vehicle that struck the car in which he was a passenger. Id. When plaintiff received a settlement, he placed the amount he had received under the Heart and Lung Act in an escrow account, and he and the State Police litigated the question of the agency's right to subrogate those payments. Id. After surveying the relationship between the Heart and Lung Act, the state Motor Vehicle Financial Responsibility Law, Pennsylvania workers' compensation laws and subrogation rights, the court concluded that the State Police did not have a right to subrogate the lawsuit's proceeds under the Heart and Lung Act. Id. at 619. Section 1720 of the MVFRL, the court found, contained language broad enough to include payments under the Heart and Lung Act. Id. Those Heart and Lung Act benefits were the equivalent of workers' compensation benefits. Id. Since workers' compensation benefits were exempted under the statute, Heart and Lung Act benefits

should be as well.[1]  Id.  The court also rejected the State Police's argument that preventing subrogation would allow plaintiff to receive a double recovery and would amount to unjust enrichment, since "equitable principles . . . should not be utilized to defeat the otherwise plain language of Section 1720 prohibiting subrogation in motor vehicle actions.  Id.  To the extent that Section 1722 of the MVFRL prohibits double recovery in tort for lost wages and medical expenses, a court should achieve this end by "preventing any introduction of medical expenses or wage loss evidence in the private suit."  Id. at 620; see also City of Pittsburgh v. Workers' Compensation Appeal Board (Williams), 810 A.2d 760, 762 n.5 (Pa. Commw. Ct. 2002) (holding that "Heart and Lung benefits are not subject to subrogation.").

We agree with the Bankruptcy Court that the City has no right of subrogation for the funds from the debtor's tort settlement.  This case largely concerns an

---

[1] The court in Fulmer found that the decision by the legislature to reject subrogation for certain insurers and employers under the MVFRL was an explicit rejection of an earlier right to subrogation found by Pennsylvania courts. In a 1953 case, for instance, the Pennsylvania Supreme Court concluded that a city had a right to subrogation for funds paid under the Heart and Lung Act when an employee covered by the Act recovered in tort for an automobile accident.  Topelski v. Universal South Side Autos, Inc., 180 A.2d 414 (Pa. 1962).  The plaintiff, an Allegheny County police officer, had been injured while escorting actors from the "Lone Ranger" television series through the City of Pittsburgh.  Id. at 415-16.  A jury found negligence on the part of the defendants, and awarded plaintiff $50,000.  Id. at 416.  The Pennsylvania Supreme Court found that plaintiff was entitled to recovery, but pointed out that the County, through the Heart and Lung Act, had "become obligated to pay Topelski, its police officer, injured through the performance of his duties, his full rate of salary (until his disability ceased), together with all medical and hospital bills incurred in connection with his injuries."  Id. at 420.  The County had done so, and sought subrogation.  Id.  The Court agreed that "[t]here can be no question of the *right* of the County to recover by way of subrogation from the third party tortfeasor all the salary, medical and hospital expenses paid to or for Topelski."  Id. (emphasis in original).

8

automobile accident, which makes the MVFRL the statute most directly applicable to this case.  Pennsylvania courts have stated directly that no right of subrogation exists for a government payee under the Heart and Lung Act who seeks compensation from a covered persons's tort settlement.  Since the City here seeks payment of funds expended under that act, the City lacks legal authority to obtain the funds, and no constructive trust can be imposed.  See Golberg v. New Jersey Lawyers' Fund for Client Protection, 932 F.2d 273, 280 (3d Cir. 1991) (holding that "[i]n order to establish rights as a trust recipient, a claimant must make two showings: (1) demonstrate that the trust relationship and its legal source exist, and (2) identify and trace the trust funds if they are commingled.").  While the debtor would not be entitled to plead damages related to his lost wages or medical expenses in his tort action pursuant to Section 1722 of the MVFRL, courts have concluded that a subrogation action is not the proper setting to pursue recovery of funds recovered in such an improper action.  See Fulmer, 647 A.2d at 620.  Likewise, the decision of the Pennsylvania legislature to prevent subrogation in cases related to motor vehicle accidents means that no double recovery or unjust enrichment occurred for the debtor.  He has a legal right to all the funds from his tort settlement.  Since, like the bankruptcy court, we conclude that the City has no legal claim on the funds, we will deny the appeal.

**Conclusion**

    For the above stated reasons, we agree with the decision of the bankruptcy

court. We will therefore deny the appeal. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CITY OF WILKES-BARRE,** | : | No. 3:07cv1238 |
| Appellant | : | |
| | : | (Judge Munley) |
| v. | : | (Bankruptcy Appeal) |
| | : | |
| **ROBERT P. SHEILS, JR., Trustee,** | : | |
| Appellee | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, this 25th day of January 2008, the instant appeal is hereby

**DENIED**. The Clerk of Court is directed to **CLOSE** the case.

                                                 **BY THE COURT:**

                                                 **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**

Filed on: 1/25/08