# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF WILKES-BARRE,** Appellant | No. 3:07cv1238 |
| | (Judge Munley) |
| v. | (Bankruptcy Appeal) |
| **ROBERT P. SHEILS, JR., Trustee,** Appellee | |

## MEMORANDUM and ORDER

Before the court are Appellee Trustee Robert P. Sheils' motion for reconsideration of the court's April 15, 2010 Order and motion to enforce a settlement. (Docs. 22, 23). Having been fully briefed, the motions are ripe for disposition.

## BACKGROUND

In 1996, George Cole ("Cole"), a City of Wilkes-Barre ("the City") police officer, was injured in a car accident in the course of his employment. The other driver was an employee of Luzerne County. Between April 12, 1996 and May 9, 2005, the City paid Cole's lost wages and medical bills, totaling $425,945.69, pursuant to the Pennsylvania Heart and Lung Act ("HLA"), 53 PA. STAT. §§ 637-38. Cole initiated a personal injury suit against Luzerne County and the driver of the other vehicle involved in the accident in 1996 which eventually settled.

In 2000, Cole also filed a voluntary petition for Chapter 7 protection under the United States Bankruptcy Code. Robert Sheils was appointed trustee. On January 4, 2005, the trustee filed an amended petition to approve the settlement of Cole's personal injury action. The settlement was for $569,376.31. After disbursements for attorneys fees and expenses, the bankruptcy estate netted $372,176.96, which is currently held in a certificate of deposit. These are the only assets currently held by the trustee.

On October 1, 2004, the City filed a proof of claim with the Bankruptcy

Court, arguing that it had a secured claim based on subrogation for the amount of the total pre-petition and post-petition HLA benefits paid to the debtor since his accident. The City sought an order directing the Trustee to hold all of the settlement proceeds in a constructive trust for the benefit of the City. The parties filed motions for summary judgment. On May 16, 2007, Bankruptcy Judge Thomas granted summary judgment to the trustee, finding that the City was not entitled to subrogation for its payments under the HLA because Cole, as a public employee, was afforded sovereign immunity under Section 23 of the Act of July 2, 1993, P.L. 190, No. 44 (Worker's Compensation Act amendments). (Opinion of the Bankruptcy Court (Doc. 2-35) at 2-3).

The City appealed the Bankruptcy Court's decision to this court, under 28 U.S.C. § 158. We denied the City's appeal, determining that Section 1720 of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CONS. STAT. ANN. § 1720, barred the City's right of subrogation against Cole's settlement proceeds. (Order of January 25, 2008 (Doc. 13-2)). Notably, we did not address Judge Thomas's basis of decision– that of sovereign immunity.[1] (Id.)

On February 4, 2008, the City further appealed our determination to the United States Court of Appeals for the Third Circuit. (Notice of Appeal (Doc. 14)). The Court of Appeals reviewed whether or not the City's right of subrogation was barred by Section 1720 of the MVFRL and determined that it

---

[1] We stated, "the Bankruptcy Court concluded that as an employee of the City, the debtor enjoyed immunity from subrogation claims of others. While we do no necessarily disagree with the Bankruptcy Court on this matter, we find that Pennsylvania court decisions provide another reason to affirm the court's decision, one that does not require us to predict how Pennsylvania courts would rule on such a matter." (Order of January 25, 2008 (Doc. 13-2)).

did not, agreeing with the reasoning of the Pennsylvania Court of Common Pleas in Brown v. Rosenberger, 40 Pa. D. & C. 4th 432, 438 - 39 (C.C.P. Phila. 1998) *aff'd on trial court op.* 723 A.2d 745 (Pa. Cmmw. Ct. 1999). In its opinion filed April 23, 2009, the Court of Appeals stated, "we conclude that Section 1722 does not bar Cole from pleading HLA payments in his personal injury action, and Section 1720 does not bar the City from asserting an equitable right of subrogation against Cole's tort recovery." (Opinion Filed April 23, 2009 (Doc. 18-2 at 10)). The court vacated our judgment and remanded the case for further consideration consistent with its opinion. (Id.)

Following remand, the parties engaged in settlement negotiations. (See October 16, 2009 Correspondence (Doc. 19)). On February 12, 2010, we directed the City to advise the court on the status of negotiations. (Doc. 20). On April 15, 2010, noting that the City had not submitted a status report, we granted the City's bankruptcy appeal and reversed Judge Thomas's order granting the Trustee's motion for summary judgment. (Doc. 21).

On April 29, 2010 and May 6, 2010, the Trustee filed his motions for reconsideration and to enforce a settlement, respectively. (Docs. 22, 23). The Trustee also filed a Notice of Appeal on May 12, 2010. (Doc. 24). The United States Court of Appeals for the Third Circuit docketed the appeal but stayed the case pending the resolution of the motion for reconsideration. (Order of May 20, 2010 (Doc. 28)). The parties briefed the motions for reconsideration and to enforce a settlement, bringing the case to its present posture.

**JURISDICTION**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**DISCUSSION**

3

The Trustee moves for reconsideration of our April 15, 2010 Order and to enforce a settlement he alleges occurred prior to our April 15, 2010 Order. (Docs. 22, 23). We will address each motion in turn.

**1. Motion for Reconsideration**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Neither our original January 25, 2008 Opinion (Doc. 13-2), the April 23, 2009 Opinion of the United States Court of Appeals for the Third Circuit (Doc. 18-2), nor our April 15, 2010 Order (Doc. 21) considered the Bankruptcy Court's stated basis of decision– that the Trustee, standing in the shoes of Cole, was entitled to sovereign immunity from the City's claim of subrogation. Accordingly, the Trustee's motion for reconsideration will be granted. The Trustee has pointed out that this exact issue is currently pending before the Supreme Court of Pennsylvania. See Oliver v. City of Pittsburgh, 987 A.2d 680 (Pa. 2009) (granting petition for allowance of appeal).[2] As this is an issue

---

[2] The Supreme Court of Pennsylvania granted appeal, stating this issue as follows:
    (2) Does Petitioner Cassandra Oliver have immunity

4

of Pennsylvania law, rather than predict how that court will rule, we will stay our determination of this issue until that court has made its determination.[3] An appropriate order follows.

**2. Motion to Enforce a Settlement**

The Trustee moves this court to enforce a settlement allegedly entered into in February of 2010. (Doc. 23). He submits documentation in support of his claim. To the extent that the parties have entered into an agreement to settle this case, that agreement would constitute a contract, but we decline to enforce it in this proceeding. Thus, the Trustee's motion will be denied. An appropriate order follows.

**CONCLUSION**

The Trustee's motions for reconsideration and to enforce the settlement will be granted and denied, respectively. We will await a determination by the Supreme Court of Pennsylvania as to the Trustee's sovereign immunity defense against the City's subrogation claim.

---

from the City of Pittsburgh's reimbursement claim
under Section 23 of Act 44?
Oliver v. City of Pittsburgh, 987 A.2d 680, 681 (Pa. 2009).

[3] The City argues, unpersuasively, that because the parties briefed the immunity argument but the Court of Appeals did not mention the Trustee's immunity argument in its opinion, the court necessarily considered this argument and denied it implicitly. We decline to make such an inference.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CITY OF WILKES-BARRE,**<br>    **Appellant**<br><br>    v.<br><br>**ROBERT P. SHEILS, JR., Trustee,**<br>    **Appellee** | No. 3:07cv1238<br><br>(Judge Munley)<br><br>(Bankruptcy Appeal) |

## ORDER

**AND NOW**, this 27th day of August 2010, the instant motion for reconsideration (Doc. 22) is HEREBY **GRANTED**. The Trustee's motion to enforce the settlement (Doc. 23) is HEREBY **DENIED**.

The Clerk of Court is directed to **STAY** the case pending the decision of the Supreme Court of Pennsylvania in Oliver v. City of Pittsburgh, 977 A.2d 1232 (Pa. Commw. Ct. 2009) *appeal granted* 987 A.2d 680 (Pa. 2009). The parties are HEREBY **ORDERED** to provide notice to the court within ten days of the decision of the Supreme Court of Pennsylvania in that case.

            **BY THE COURT:**

            **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**