IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF WILKES-BARRE,** **Appellant** | No. 3:07cv1238 |
| | (Judge Munley) |
| v. | (Bankruptcy Appeal) |
| **ROBERT P. SHEILS, JR., Trustee,** **Appellee** | |

## MEMORANDUM

Before the court is the instant bankruptcy appeal. Having been fully briefed, the matter is ripe for disposition.

## BACKGROUND

In 1996, George Cole ("Cole"), a City of Wilkes-Barre ("the City") police officer, was injured in a car accident in the course of his employment. Luzerne County employed the other driver. Between April 12, 1996 and May 9, 2005, the City paid Cole's lost wages and medical bills, totaling $425,945.69, pursuant to the Pennsylvania Heart and Lung Act ("HLA"), 53 P<small>A</small>. S<small>TAT</small>. §§ 637-38. Cole initiated a personal injury suit against Luzerne County and the driver of the other vehicle involved in the accident in 1996 which eventually settled.

In 2000, Cole also filed a voluntary petition for Chapter 7 protection under the United States Bankruptcy Code. Robert Sheils was appointed trustee. On January 4, 2005, the trustee filed an amended petition to approve the settlement of Cole's personal injury action. The settlement was for $569,376.31. After disbursements for attorneys fees and expenses, the bankruptcy estate netted $372,176.96, which is currently held in a certificate of deposit. These are the only assets currently held by the trustee.

On October 1, 2004, the City filed a proof of claim with the Bankruptcy Court, arguing that it had a secured claim based on

subrogation for the amount of the total pre-petition and post-petition HLA benefits paid to the debtor since his accident.  The City sought an order directing the Trustee to hold all of the settlement proceeds in a constructive trust for the benefit of the City.  The parties filed motions for summary judgment.  On May 16, 2007, Bankruptcy Judge Thomas granted summary judgment to the trustee, finding that the City was not entitled to subrogation for its payments under the HLA because Cole, as a public employee, was afforded sovereign immunity under Section 23 of the Act of July 2, 1993, P.L. 190, No. 44 (Worker's Compensation Act ("WCA") amendments).  (Opinion of the Bankruptcy Court (Doc. 2-35) at 2-3).

The City appealed the Bankruptcy Court's decision to this court, under 28 U.S.C. § 158.  We denied the City's appeal, determining that Section 1720 of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CONS. STAT. ANN. § 1720,  barred the City's right of subrogation against Cole's settlement proceeds.  (Order of January 25, 2008 (Doc. 13-2)).  We did not address Judge Thomas's basis of decision– that of sovereign immunity.  (Id.)

On February 4, 2008, the City further appealed our determination to the United States Court of Appeals for the Third Circuit.  (Notice of Appeal (Doc. 14)).  The Court of Appeals reviewed whether or not the City's right of subrogation was barred by Section 1720 of the MVFRL.  (Opinion Filed April 23, 2009 (Doc. 18-2)).   The court noted that Section 1720 was repealed by Section 25(b) of Act 44 (WCA amendments) insofar as it barred an employer's subrogation to WCA benefits.  The court foundno basis for treating HLA benefits different from WCA benefits, therefore Section 25(b) of Act 44 reinstated an employer's right of subrogation to HLA benefits.  The Court of Appeals did not consider the sovereign immunity argument because this court did not rely on it.  The court vacated

2

our judgment and remanded the case for further consideration consistent with its opinion.

Following remand, the parties engaged in settlement negotiations. (See October 16, 2009 Correspondence (Doc. 19)).  On February 12, 2010, we directed the City to advise the court on the status of negotiations. (Doc. 20).  On April 15, 2010, noting that the City had not submitted a status report, we granted the City's bankruptcy appeal and reversed Judge Thomas's order granting the Trustee's motion for summary judgment. (Doc. 21).

On April 29, 2010 and May 6, 2010, the Trustee filed his motions for reconsideration and to enforce a settlement, respectively.  (Docs. 22, 23). The Trustee also filed a Notice of Appeal on May 12, 2010.  (Doc. 24). The United States Court of Appeals for the Third Circuit docketed the appeal but stayed the case pending the resolution of the motion for reconsideration.  (Order of May 20, 2010 (Doc. 28)).  Reviewing the motion for reconsideration, we agreed with the Trustee that neither our original January 25, 2008 Opinion, the April 23, 2009 Opinion of the Third Circuit, nor our April 15, 2010 Order had considered the Bankruptcy Court's stated basis of decision– that the Trustee, standing in the shoes of Cole, was entitled to sovereign immunity from the City's claim of subrogation. Accordingly, the Trustee's motion for reconsideration was granted.  At the Trustee's request, we stayed the case pending the decision of the Supreme Court of Pennsylvania on this precise issue.  See Oliver v. City of Pittsburgh, 987 A.2d 680 (Pa. 2009) (granting petition for allowance of appeal).[1]

---

[1] The court stated the issues as:

We are advised that <u>Oliver</u> has been decided.  The Supreme Court of Pennsylvania found that Section 25(b) of Act 44 repealed Section 1720 of the MVFRL only as it related to WCA benefits and was silent as to HLA benefits.  Therefore, Section 25(b), "[b]y its plain terms . . . does not impact any anti-subrogation mandates pertaining to HLA benefits." <u>Oliver v. City of Pittsburgh</u>, 11 A.3d 960, 966 (Pa. 2011).[2]  Although the majority of the Commonwealth Court, *en banc*, below, could discern no basis for distinguishing WCA and HLA benefits, the Pennsylvania Supreme Court did.

> The HLA applies to protect employees serving the public in essential, high-risk professions. The design is to ensure that, if they are temporarily disabled in the performance of their duties, these critical-services personnel do not suffer salary losses or incur the expense of medical care and

---

> (1) In light of Section 25(b) of Act 44 [Workers' Compensation Act amendments], does the City of Pittsburgh have a valid subrogation claim against Petitioner Cassandra Oliver's settlement with the third party tortfeasor equal to the amount of benefits that she received under the Heart and Lung Act?
> (2) Does Petitioner Cassandra Oliver have immunity from the City of Pittsburgh's reimbursement claim under Section 23 of Act 44 [Workers' Compensation Act amendments]?

<u>Oliver v. City of Pittsburgh</u>, 987 A.2d 680, 681 (Pa. 2009).

[2] Having found that Section 1720 of the MVFRL bars employers from seeking subrogation with respect to benefits paid under the HLA, the court declined to address "whether an employee has immunity from its employer's subrogation claim pursuant to Section 23 of Act 44." <u>Oliver</u>, 11 A.3d at 966, n.8.

4

> treatment. See 53 P.S. § 637(a); see, e.g., City of Erie v. WCAB (Annunziata), 575 Pa. 594, 602–604 & n. 6, 838 A.2d 598, 603–04 & n. 6 (2003) (discussing the statutory framework of the HLA). Although the WCA also embodies a similar remedial scheme, the HLA's more favorable treatment of public-safety employees who are temporarily disabled suggests against treating an overlap as an equivalency.
> In summary, Section 25(b) repealed Sections 1720 of the MVFRL "insofar as [it] relate[d] to workers' compensation payments or other benefits under the Workers' Compensation Act." Act of July 2, 1993, P.L. 190, No. 44, § 25(b). By its plain terms, such provision does not impact any anti-subrogation mandates pertaining to HLA benefits.

Oliver, 11 A.3d at 966. Thus, after Oliver, Section 1720 of the MVFRL bars employers from seeking subrogation with respect to benefits paid under the HLA.

On March 10, 2011, the court held a teleconference with the parties regarding the impact of Oliver on this case. The parties have filed supplemental briefs on the issue, bringing the case to its present posture.

**JURISDICTION**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.

**DISCUSSION**

Having reviewed the Pennsylvania Supreme Court's decision in Oliver, and having examined the posture of this case, we determine that the City's Appeal must, again, be denied. We will address the City's arguments to the contrary below.

The City argues that Oliver has no impact on this case. The City points out that this court stayed the case pending the Pennsylvania Supreme Court's resolution of the sovereign immunity issue. The City

notes further that the Pennsylvania Supreme Court did not reach the sovereign immunity issue, basing its decision instead upon the subrogation issue. Thus, the City argues, "because the Supreme Court did not even consider the sole argument that was the basis for the Stay Order, this Court must release the 2010 Order [granting the bankruptcy appeal and imposing a constructive trust] from the stay and reinstate and implement the 2010 Order." (Appellant Suppl. Br. at 7 (Doc. 40)). Regardless of what prompted the court to stay the case, the decision of the Pennsylvania Supreme Court is dispositive of the issue presently before us. For reasons we will explain below, so long as the case remains before the court for adjudication, we have a duty to apply Pennsylvania law.

Additionally, the City argues that "because the Third Circuit expressly held that 'Section 1720 does not bar the City from asserting an equitable right of subrogation against Cole's tort recovery', the law of the case doctrine precludes the Court on remand from further considering this case in a manner inconsistent with this holding." (Id. at 8). The Trustee, on the other hand, argues that Oliver represents a change in Pennsylvania law which must be applied in this case because that matter remains *sub judice*, despite the mandate of the Third Circuit.

> "[U]ntil such time as a case is no longer sub judice, the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court. Any other conclusion would but perpetuate the confusion and injustices arising from inconsistent federal and state interpretations of state law." [Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543 (U.S. 1941).]
> This principle, however, is but the recognition of a necessary exception to the general requirement that a trial court must comply strictly with the mandate directed to it by the reviewing court. The exception must be confined within its appropriate limits. It is only where there has been clear-cut change in the state law after the federal appellate decision, which clearly compels a different

6

> conclusion, that a federal trial court may disregard the mandate it has received.

Ratay v. Lincoln Nat. Life Ins. Co., 405 F.2d 286, 288 (3d Cir. 1968).

Here, the court complied with the Third Circuit's mandate. We stayed the case to consider the immunity issue, which had not been addressed. During that time there was a clear cut change in the law which this court was clearly required to apply. That change in law dictates that the City's appeal be denied.

The City also notes that issue of whether the 1990 amendments to the MVFRL restored the right of subrogation was not preserved for appeal in Oliver. (Id. at 7). The Pennsylvania Supreme Court, noted that it's refusal to address that issue might limit the application of its holding:

> As a preliminary matter, the City has not preserved its contention that the 1990 amendments to the MVFRL restored its right of subrogation, since the argument was not raised before the Commonwealth Court. Rather, the City, as the appellant in the intermediate court, maintained that Section 25(b) of Act 44 reinstated the employer's right of subrogation with respect to HLA benefits. . . . Given the above, we acknowledge that our decision ultimately may be one of limited application. Nevertheless, in light of the facial tension between Brown and Williams, we consider it salutary to take this opportunity to clarify Act 44's impact on subrogation interests arising from the payment of HLA benefits.

Oliver, 11 A.3d at 964, n.7

The following passage from the Pennsylvania Supreme Court's opinion in Oliver is helpful to understand the City's argument:

> Historically, under the Motor Vehicle Financial Responsibility Act,[] employer subrogation rights were broadly curtailed, as follows:
>
> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, . . . or benefits in lieu thereof paid or payable under Section 1719 (relating to coordination of benefits). 75 Pa. C.S. § 1720 (superseded).[] In Fulmer v. Pennsylvania State

7

>    Police, 167 Pa. Cmwlth. 60, 647 A.2d 616 (1994), the Commonwealth Court ruled that the "benefits in lieu thereof" language reposited in the MVFRL subsumed the more favorable benefits afforded to temporarily disabled law enforcement officers and firefighters pursuant to the Heart and Lung Act,[] see 53 P.S. § 637(a).  See Fulmer, 167 Pa. Cmwlth. at 65, 647 A.2d at 619.
>
>    In 1990, the General Assembly replaced the "benefits in lieu thereof" terminology with the phrase "benefits paid or payable by a program, group contract or other arrangement whether primary or excess."  75 Pa. C.S. § 1720.  Of greater relevance to the question presently before this Court, in 1993, the Legislature repealed Section 1720 "insofar as [it] relate[d] to workers' compensation payments or other benefits under the Workers' Compensation Act."  [] Act of July 2, 1993, P.L. 190, No. 44, § 25(b) ("Act 44").  Thus, by its terms, Section 25(b) of Act 44 reinstated an employer's right of subrogation with respect to workers' compensation benefits in actions arising out of motor vehicle accidents, which had previously existed under the WCA prior to the MVFRL's enactment. See 77 P.S. § 671.  These amendments, however, made no mention of the HLA.

Oliver, 11 A.3d at 961-62 (Pa. 2011).

The City, therefore, argues that even if Section 25(b) of Act 44 did not impliedly reinstate a right of subrogation over HLA benefits when it repealed Section 1720 of the MVFRL as it related to WCA benefits, we must determine whether the 1990 legislative change from the phrase "benefits in lieu thereof" to the phrase "benefits paid or payable by a program, group contract or other arrangement whether primary or excess[]" somehow reinstated a right of subrogation.  75 PA. CONS. STAT. ANN. § 1720.

We determine, however, that this argument could have been raised before the Bankruptcy Court, but was not.  Generally, "when a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal."  In re Kaiser Group Intern. Inc.,

8

399 F.3d 558, 565 (3d Cir. 2005)[3] (citing <u>Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm LP IV</u>, 229 F.3d 245, 253 (3d Cir. 2000)). Accordingly, we will not address this argument on appeal.

**CONCLUSION**

For the reasons stated above, this bankruptcy appeal will be denied. An appropriate order follows.

---

[3] <u>In re Kaiser</u> did not find waiver appropriate because the defense of lack of subject matter jurisdiction is not waivable, but that defense is not applicable in this case. <u>See</u> <u>In re Kaiser Group Intern. Inc.</u>, 399 F.3d at 565.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF WILKES-BARRE,** **Appellant** | No. 3:07cv1238 |
| | (Judge Munley) |
| v. | (Bankruptcy Appeal) |
| **ROBERT P. SHEILS, JR., Trustee,** **Appellee** | |

## ORDER

**AND NOW**, to wit, this  23rd  day of May 2011, the bankruptcy appeal is HEREBY **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

                                        **BY THE COURT:**

                                         s/ James M. Munley

                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**